So the previous motion panel chaired by Judge Jacobs is reserving decision on the motion to stay and then in this panel which includes Judge Denise Coate of the Southern District will now turn to our regular argument calendar and the first case on that calendar is Robert Haughton v. Town of Cromwell. Good morning. Good morning, Your Honor. May it please the court. My name is Josephine Miller and I represent the appellant in this matter, Officer Robert Haughton, and I would like to reserve two minutes for rebuttal. This is an employment discrimination lawsuit that was brought by Officer Robert Haughton who has been a long-term employee with the Town of Cromwell Police Department. In the year 2013, Officer Haughton sought a special assignment which was in effect a promotion from the position of patrol officer to that of a detective within the department. It comes with the pay raise? That's correct. While the Town of Cromwell considers these to be special assignments, this particular position of detective is more akin to a promotion because by contract with the labor union that represents the officers there is a 10% increase in pay that comes automatically once someone is assigned to that position. One of the things that I think it's important for this court to note is that the Town of Cromwell police had a very loose manner of even making employees aware of opportunities for these special assignments. They didn't post anything on the bulletin boards. They didn't give any other written notice to employees. It was basically a word-of-mouth process. Oftentimes people who were seeking these special assignments and or promotions were not even made aware until after someone had been selected for the Was that in conformance with the union contract? Well, the union contract did not specify, as I'm aware, what process, if any, the employer had to use for these special assignments. There was no violation of any rules? No violation. However, it simply goes to show that there was a fairly loose process by which the town operated. In this particular instance, Officer Haughton, who is an African-American male, had made known to the department his interest in being assigned to the detective position. What is most critical, I think, for this court to look at is that the most important criteria that was used in to the detective position was stated by the current chief, Denise Lemoine-Lamontagne, who, at the time, was a captain in the department. At her deposition, she said that what she was looking for was a seasoned veteran. That means more than just time and grade, not simply seniority, but someone who was a seasoned person in the department. That's what she said she was looking for. She then approached two individuals who were seasoned veterans and neither of them were interested in the position. Knowing that Officer Haughton was interested and was also a seasoned veteran, she completely abandoned that and went to the individual who was ultimately selected for the position, Officer Pamela Young. We have to juxtapose this seasoned veteran, Officer Haughton, who had been on the police department, the police force, for about 12 years at the time, and over on the other hand, you had Officer Young, a white female who had only been on the department for two years. It kind of jumps out at you, as was stated in one of the cases in the brief, that how could any reasonable juror decide that there is something amiss here? If the department was looking for a seasoned veteran, there is no way that you could say that a patrol officer of only two years could compete with the qualifications of someone who had been on the department for 12 years. Counsel? Yes. Captain Lamontagne believed that Mr. Haughton had fine people skills, but he had poor skills in terms of report writing and follow-up work on investigation. She thought he just wasn't good at that particular job. However, I think the court has to look at the fact that Chief Lamontagne only defaulted to this matter of report writing skills once we were in the litigation context. Before we were involved in litigation, she was looking for the seasoned veteran. Later was when she went to the report writing skills. She was forced to explain why she didn't go to Mr. Haughton to become a detective, and she gave her reasons. Were her reasons pretextual? Is that your argument? That is our argument, that her reasons were pretextual. Even as she was stating that the seasoned veteran is what she was looking for, she admitted that she didn't even think about Officer Young, because she clearly was not a seasoned veteran. She also attested that when she spoke with Officer Young, Officer Young didn't want the position. Officer Young felt like she did not have sufficient experience as a patrol officer in order to accept this detective position. They kind of forced it upon her, in effect. I think the court also has to look at the fact that prior to the litigation, the department itself spoke favorably of Officer Haughton. There is very little difference in the qualifications for a detective and that of a field training officer. What he was doing. He was a field training officer. He was promoted or assigned, I should say, the position of field training officer after he filed the CHRO administrative complaint. You're talking about the incident with the safe, where he neglected an important investigative protocol to look at the serial number of the safe and was prepared to just dispose of it without following up on that? There is no question that that was an incident that occurred prior to the decision to not accept the position. Where did she say that the main criterion was being a seasoned veteran? That was during the course of her deposition in this matter. She specifically said that that's what she was looking for. She did? She did say that's what she was looking for. There's a passage at Appendix 198 where she says with respect to the Officer Young, it may just have been the more seasoned veterans that I may have spoken with. Is that the line you rely on? That's correct. That doesn't say that's my main criterion. She just says it may have been the more seasoned veterans that I may have spoken with. The context of that is that she was being asked, what were the decisions that you were making in terms of how you decided who should get this assignment? Her actions also demonstrated that she was looking for a seasoned veteran because she went specifically to two other officers, both of whom were seasoned veterans just as Officer Houghton was. I'd also point this Court's attention to the fact that before we became involved in the litigation, there was a letter from Chief Salvatore in which he discussed the investigative skills of Officer Houghton. He talked about his diligent investigation of a particular matter and said that his performance was exceptional. Prior to litigation, they had good things to say regarding Officer Houghton's abilities. Even if you look at the criteria that they used in deciding to assign him to the field training officer position, that list of duties, expectations, are virtually the same as what they said was necessary for someone in the detective division. Counsel, your time has expired, but you reserve two minutes for rebuttal. Let us hear from the town before you continue. Good morning and thank you. May it please the Court, Dennis DeRao from Carson and Talberg for the appellee, the Town of Cromwell. We are requesting that the Court affirm the District Court in full. As my adversary has pointed out, this was an employment discrimination case. What it basically came down to was, were the legitimate reasons that the town provided for not placing Mr. Houghton in the detective position, were they pretextual? Can I ask you, Counsel, I see in Chief Salvatore's deposition that he listed three qualifications I think this is at page 83 of the special appendix, for the detective position. One, that you be able to work alone with minimal supervision. That, I don't think, is very surprising. Two, that you have good investigative techniques or skills. I don't think that's very surprising for a detective. And three, that you have good report writing skills. Would you agree that those were sort of the neutral, across-the-board qualifications for appointment as a detective? That's correct. And that's what had been maintained throughout the entire process. I think, as Your Honor pointed out correctly, the seasoned veteran is a red herring issue. Or doesn't it sort of capture, at least some of the components there that Chief Salvatore listed? The ability to work alone with minimal supervision, good investigative techniques, which you hope one would develop over years of experience on the force. That's correct. Okay. That's correct. And basically what happens at this point is you have Officer Young and you have Officer Houghton. At this point, Officer Young, or Officer Houghton I mean, is required to show that his skills are just so superior that nobody using impartial reasoning could ever choose the successful candidate over. That's the test that you believe we should apply? Once we get to the pretext portion, that's correct. At the district court level, there was some argument as to whether the plaintiff had been able to make out a prima facie case. However, the real meat of the argument was Officer Young was better than Officer Houghton in the report writing, in the time where she's investigated things. Officer Young was better than Officer Houghton with respect to documentation, to communication in various aspects of the police position that are important to the detective job. She was just better. At best, at best they were equal, but even at that point, the town is allowed to choose among equally qualified candidates. Why isn't it a jury decision whether or not this case, as described by the plaintiffs of having a situation in which an officer with 12 years of experience asked to become a detective, which comes with a pay raise, is not asked and instead three other people, none of whom asked to become a detective are asked. The first two turn it down and the third one who's asked has just two years of experience. Why isn't it a jury question whether in those circumstances they couldn't find intentional discrimination based on race? Well, because there's simply no evidence connecting race to any of this. The only aspect of race here is that a white female officer received the position and Mr. Houghton, who's a black male, did not. Otherwise, there is no evidence of any racial animus or discriminatory bias here. There's no statements. There's no documents indicating anything like that. There's no evidence. The plaintiff said, now Chief LaMontagne and then Chief Salvatore, neither of them had ever uttered anything that he felt was racist. There's simply nothing. The plaintiff was required to demonstrate that he was just so much better. The simple fact is he wasn't and he couldn't demonstrate that. That's why there is no way to create a tribal issue with respect to legitimate, non-discriminatory reason proffered by the town. Unless the court has any other specific questions for me, I'm going to rest on my brief. Thank you very much. Ms. Miller, you have two minutes for a rebuttal. Do you have any evidence of racial animus in this record? There is no evidence of racial slurs, statements. That's not unusual, however. It is rare indeed nowadays that employers are so lacking in good sense as to make those kinds of statements. I will state, however, that Officer Hartin was the first African-American officer on the police force. If you can believe it, that didn't happen until the year 2001. Even as he was in the police academy, he missed some of his coursework. Chief Salvatore and Chief Salvatore wanted to terminate him even before he could complete the assignment. So there is some question, at least, with regard to whether or not the town wanted to have this African-American on the police force. I just wanted to follow up, though, on this issue of skills being so superior that you had to accept Officer Young. I don't think that that's the appropriate test to be applied as it relates to the report writing skill, because it neglects this issue of the seasoned veteran, which is what LaMontagne said that she was looking for. One outweighs the other, that even somebody with poor report writing skills should get the job because he's been a patrol officer for so long, and therefore that counts more than the fact that he doesn't write reports well? Well, if you look at the evidence... Is that your point? Yes. That is your point? Yes, because... A police department can't say, yes, he's been here a long time, but we need a detective who can write good reports, and this fellow can't do it. You say that's not a good enough argument? No, not in the context when you have the department itself saying, we want the seasoned veteran, and then they abandon that. Then when they default to the issue of report writing, we still have to look at what the chief himself said about Officer Houghton's report writing skills. When he assigned him to the field training officer position, what he said was that he can write in clear, concise, and effective manner. They themselves recognize that even if you look at the report writing skills, Officer Houghton had that skill. You wanted to help him get into that program, right? Correct. I think if the court were to look at the decision in Bernie v. Town of Cromwell, it was said there that it makes no sense whatsoever to assume that somebody who's been in a position for 20 years would not have the basic skills. Counsel, I don't know if this is extra record or not. Mr. Houghton was the first African American. Is he the last, or has he been followed by other African American officers? There have been others that followed. I believe there were two others that followed him, but he was the first. And indeed, the first one asked to fill this detective position was also African American. That's correct, but he was a seasoned veteran. He had been on the department for quite some time. Back to this issue, though, about someone who has been in a department for multiple years. As the court said in Bernie, it's not credible that a person who's been in a job for 20 years would lack the basic skills for the position. We say the same thing is true with regard to Officer Houghton. Twelve years in the position of a patrol officer, it's not credible to say that he couldn't do the basics of being a detective. After all, Officer Young had never acted in that role, so she was going to have to go through some period of learning the job. Nothing whatsoever to suggest that she was so superior in that regard that she should have been selected over Officer Houghton. Thank you. Thank you. Thank you both. We'll reserve decision.